LEWIS PRESLEY *v.* ANDERSON & MEEK, Use.

1. PROCESS: HOW EXECUTED: CASE IN JUDGMENT. — A return upon a summons, "Executed personally, with original and copy, defendant claiming such," is in conformity to the requirements of the statute for the execution and return of process from the Circuit Court.
2. PARTNERSHIP: JUDGMENT NEED NOT RECITE NAMES OF PARTNERS. — A judgment will not be reversed where the names of the firm who are plaintiffs in the suit are set forth in the declaration, and the judgment merely states the firm name in the caption, and recites "that plaintiffs have and recover of defendant, etc."

ERROR to the Circuit Court of Attala county.    Hon. J. A. P. Campbell, judge.

Action of assumpsit on an open account by defendants in error for the use of W. E. Meek against plaintiff in error. After return of process executed as stated in the opinion of the court, judgment by default for $542.59.    Writ of error to this court.

*J. Niles* for plaintiff in error.

*Samuel Young* for defendant in error.

SHACKELFORD, C.J., delivered the opinion of the court.

This is an action of assumpsit founded upon open accounts. Judgment was taken by default against the plaintiff in error for the sum of $542.59, on the 14th day of March, 1867.

The case is here by writ of error.

There are three assignments of error, viz. :

" 1. The return does not show that process was executed according to the statute.

" 2. The judgment is in the name of the partnership, without specifying the names of the individual partners.

" 3. The amount for which judgment was rendered is greatly in excess of the accounts sued on, as is apparent from a moment's inspection."

We shall consider these assignments in their order.

The return of the sheriff is in these words: "Executed personally, with original and copy, defendant claiming such."

This return, it is true, does not follow the language of the Code, art. 64, p. 489, although he executed the writ in conformity to the directions pointed out by the statute. He says he executed it personally, with the original. He could only have done this by reading to him the original writ. Giving him a copy is also certified. He does not say it was a true copy; it is to be inferred that it was a true copy. It seems to us the return is sufficient, and there is no error in this assignment.

The declaration in the case at bar sets out the names of the partners of the late firm of Anderson & Meek as plaintiffs, who sue for the use of one of the firm, W. E. Meek.

The judgment copied into the record has merely the caption styling the case " *Anderson & Meek, Use, etc.* v. *Lewis Presley;* " and the judgment is in the usual form, that " the plaintiffs recover of the defendant," etc. This is purely a technical objection, and without merit; the judgment for this frivolous defect will not be disturbed.

The third assignment is well taken. The excess of $272.20 is admitted, and a remittitur filed for $272.20.

The judgment has to be reversed, and this court proceeding to render the judgment that the court below should have rendered, orders and adjudges that the defendants do have and recover of the said plaintiff in error the sum of *two hundred and seventy dollars and thirty-nine cents*, and costs of suit in the court below, and that the defendants in error pay the costs accruing in this court.